NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTMANE LAAMA,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN ROY L. HENDRICKS,<br><br>    Respondent. | Civil Action No. 13-4638 (DMC)<br><br><br>OPINION |

APPEARANCES:

    OTMANE LAAMA, A 075 006 757
    Essex County Correctional Facility
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner *Pro Se*

CAVANAUGH, District Judge:

Otmane Laama filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Facility, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. Although the government has detained Mr. Laama beyond the six-month presumptively reasonable period of post-removal-period detention (which expired on December 13, 2012), this Court is constrained to dismiss the Petition because it does not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal [to Algeria] in the reasonably foreseeable future," *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that Mr. Laama's detention is otherwise in violation of federal law. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Laama can

allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## I.   BACKGROUND

Otmane Laama asserts that he is a native and citizen of Algeria.  (Petition, ECF No. 1 at 2-3.)  He alleges that on November 11, 1991, immigration officials admitted him as a non-immigrant visitor, and the U.S. Border Patrol arrested him on May 6, 1996, in Vermont when he re-entered the United States without being admitted or paroled.  (Decision to Continue Detention, ECF No. 1-2.)  Immigration officials served him with an order to show cause, which charged that he was deportable under Immigration & Nationality Act § 241(a)(1)(B), as an alien who remained in the United States for a time longer than permitted.  On December 16, 1996, an immigration judge denied all applications for relief and granted voluntary departure.  *Id.*  Mr. Laama filed a motion to reopen with the Executive Office for Immigration Review, which was granted on May 2, 2008, but on October 26, 2011, an immigration judge again granted a voluntary departure until February 23, 2012.  *Id.*  Mr. Laama asserts that he failed to depart.  (Petition, ECF No. 1 at 3.)  Mr. Laama filed a motion to reopen and for a stay.  *Id.*  He asserts that a court granted a stay pending the outcome of the proceeding, and on April 17, 2013, the court denied the motion to reopen and revoked the stay.[1]  *Id.*

Mr. Laama asserts that the DHS took him into custody on June 13, 2012, and he has been in custody for more than six months since his deportation order became final.  (Petition, ECF No. 1 at 3.)  He alleges that, "[t]o date, however, [DHS] has been unable to remove petitioner to

---

[1] This Court's independent research on PACER did not reveal any other federal court proceeding involving Mr. Laama.

2

Algeria, or any other country." *Id.* He further asserts that DHS "has detained petitioner for more than six months since the issuance of his final order of removal[, and t]here is no significant likelihood that petitioner's removal will occur in the reasonably foreseeable future." *Id.* He contends that his detention is not authorized by statute, as interpreted by *Zadvydas,* or by 8 C.F.R. § 241.14 because he does not have a highly contagious disease posing a danger to the public, his release would not cause serious adverse foreign policy consequences, he is not detained on account of security concerns, he has not committed a violent crime, and his release would not pose a special danger to the public. He contends that, "[b]ecause there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioner's continued detention, petitioner must be released under [DHS] supervision." (Petition, ECF No. 1 at 4.) In addition, he asserts that his detention violates due process because he is not dangerous, not a flight risk, and he "cannot be removed." *Id.* at 4-5. Mr. Laama seeks a writ releasing him under an order of supervision. *Id.*

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." *See* 8 U.S.C. §

1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's

5

post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. But the Supreme Court also held that, to state a claim under § 2241, the alien must provide in the petition good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, Mr. Laama states that he was taken into DHS custody on June 13, 2012. The six-month presumptively reasonable period of post-removal-period detention expired on December 13, 2012. However, the *Zadvydas* Court emphasized that "[t]his 6-month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. In the absence of factual allegations supporting Mr. Laama's conclusion that his removal is not reasonably foreseeable, DHS does not have to respond by

6

showing that removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

      Mr. Laama also argues that DHS violated due process by failing to give him a hearing. This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period *and* he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM), 2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time.").[2]

———————————

[2] Like Judge Martini, *see Davies v. Hendricks,* Civ. No. 13-2806 (WJM) , 2013 WL 2481256 *5 n.2 (D.N.J. June 10, 2013), this Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community."

Finally, Mr. Laama argues that DHS is violating 8 C.F.R. § 241.14 by continuing to detain him in the absence of any determination that he has a contagious disease, his release poses a serious adverse foreign policy consequence, or that he must be detained on account of security or terrorism concerns or because he is particularly dangerous. The problem with this argument is that 8 C.F.R. § 241.14 "applies to removable aliens as to whom the Service has made a determination under § 241.13 that there is no significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. 241.14(a)(1). And § 241.13 applies "where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Since Mr. Laama does not allege that he provided immigration officials with good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and Mr. Laama does not set forth facts establishing good reason in his § 2241 petition, he has not alleged any violation of the cited regulations.

The instant Petition must be dismissed because Mr. Laama "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future,'" *Encarnacion-Mendez v. Attorney General of U.S.*, 176 Fed. App'x 251, 254 (3d Cir. 2006), and he has not otherwise shown that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Joseph v. United States*, 127 Fed. App'x 79, 81 (3d Cir. 2005) ( "Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); *Soberanes v. Comfort*, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide

8

good reason to believe that there is no likelihood of removal); *Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Mr. Laama can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[3]

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: Oct 7, 2013

---

[3] Alternatively, if Mr. Laama has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")